NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| ENRIQUETA AGACOILI, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 09-CV-2147 (DMC) |
| JOHN R. GONZO, MICHAEL T. MIANO and KAUFMAN DOLOWICH VOLUCK & GONZO LLP, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

  This matter comes before this Court upon motion by John R. Gonzo, Michael T. Miano and Kaufman Dolowich Voluck & Gonzo LLP ("Defendants") to dismiss the complaint of Enriqueta Agacoili ("Plaintiff") pursuant to Fed. R. Civ. 12(b)(6) in lieu of an answer. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of all parties, it is the decision of this Court that Defendants' motion is **granted**.

I.   BACKGROUND

  In 2008, proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, *pro se* Plaintiff filed an action before the Honorable Faith S. Hochberg, U.S.D.J. In that action, challenging the amount of social security benefits received, Plaintiff named as defendants Richard Thayer ("Mr. Thayer"), the District Manager of the United States Social Security Administration ("SSA") and Plaintiff's former counsel in a claim for Social Security and Supplemental Security Income, William R. Stanley, Esq. ("Mr. Stanley"). See Enriqueta B. Agcaoili v. Richard Thayer and William R. Stanley,

Civil Action No. 08-2715. On April 17, 2009, summary judgment was granted in favor of Mr. Stanley and Plaintiff's claims were dismissed with prejudice as time barred by the applicable statute of limitations. In that same action, pursuant to a separate motion by counsel for Mr. Thayer, Plaintiff's claims were dismissed with respect to Mr. Thayer for lack of jurisdiction. Further, in contrast to Plaintiff's allegations, Judge Hochberg determined that allegedly altered and/or fraudulent exhibits were "indisputably authentic."

On May 5, 2009, again proceeding *in forma pauperis* and in a *pro se* capacity, Plaintiff filed a separate complaint before this Court, naming as Defendants the counsel to Mr. Stanley in the action before Judge Hochberg and alleging misconduct by Defendants during the course of the previous action. Plaintiff's complaint appears to allege causes of action for fraud, harassment, manipulation and falsification of records, obstruction of justice, discrimination and intentional infliction of physical and mental/emotional distress. Plaintiff's complaint cites and alleges violations pursuant to The Privacy Act, 5 U.S.C. § 525, The Federal Tort Claims Act, 28 U.S.C. § 1343, a venue provision for patent and copyright matters, 28 U.S.C. § 1400 and Article XIV of the United States Constitution.

More specifically, Plaintiff alleges that in the course of their representation of Mr. Stanley, Defendants falsified facts in a motion for summary judgment, falsified exhibits in connection with that motion and falsified social security appeal records in a "conspiracy with the District SSA." Further, Plaintiff alleges that when she went to the District SSA to obtain records she was threatened by an employee saying, "why are you coming here after ten years . . . (In part) or I'll get the guard to get you out." [sic] Plaintiff further alleges that the dates on which Plaintiff received copies of relevant court filings were less than expeditious and as a result, tantamount to fraud. Plaintiff also

alleges that the release of documents and records by the SSA to Defendants, in their professional capacity as counsel to Mr. Stanley, constitutes fraud.

Plaintiff's complaint details her retention of Mr. Stanley in connection with a successfully litigated claim for Social Security and Supplemental Security Income in 1995.  Plaintiff indicates that she signed a retainer agreement under duress.  Plaintiff's complaint continues by outlining the details of a previously adjudicated action, not presently before this Court, disputing the amount of benefits received and the nature of the fee agreement between Plaintiff and Mr. Stanley.

On June 10, 2009, Defendants filed the instant motion to dismiss in lieu of answer.  Plaintiff did not enter an opposition to that motion.  On August 13, 2009, Plaintiff moved to file an amended complaint pursuant to Fed. R. Civ. P. 15.  Plaintiff seeks to assert violations pursuant to the New Jersey Rules of Professional Conduct and seeks to assert criminal violations pursuant to N.J.S.A. §§ 2C:21, including claims for criminal stimulation under 2C:21-2, falsifying or tampering with records under 2C:21-4, findings, declarations relevant to insurance fraud 2C:21-4.4 and credit cards under 2C:21-6. Defendants opposed Plaintiffs motion to amend for lack of standing.

**II.    STANDARD OF REVIEW**

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  In Bell Atl. Corp. v.

Twombly, the Supreme Court clarified the Fed. R. Civ. P. 12(b)(6) standard. See 550 U.S. 544, 555 (2007).  Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief."  Bell, 550 U.S. at 558 (citing Conley, 355 U.S. at 45–46).  Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level."Bell, 550 U.S. at 555-56.

This Court is also cognizant of the leniency given to *pro se* litigants.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Albinson, 356 F.3d 278 (3d Cir. 2004).

**III.   DISCUSSION**

Defendants move to dismiss the instant complaint in lieu of answer as frivolous, barred by the litigation privilege and barred by the doctrine of collateral estoppel.

1.   Frivolity

"Congress recognized [ ] that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  Douris v. Middletown Twp., 2008 U.S. App. LEXIS 19708, *5 (3d Cir. Sep. 15, 2008).  "[A] court may dismiss an *in forma pauperis* claim as frivolous if, after considering the contending equities, the court determines that the claim is: (1) of little or no weight, value, or importance; (2) not worthy of serious attention; or (3) trivial."  Deutsch v. United States, 67 F.3d 1080, 1082 (3d Cir. 1995).

Defendants assert that Plaintiff's present complaint largely reiterates the previous allegations

4

in the former action before Judge Hochberg. The Court agrees.[1] Plaintiffs underlying claims have been adjudicated and disposed on the merits. In seeking to re-litigate former claims under the guise of a new complaint, Plaintiff has filed frivolous claims against Defendants that have no basis in fact or law. Further, Defendants request that the Court dismiss Plaintiff's complaint with prejudice and enter an order prohibiting Plaintiff from filing an action against Defendants without prior leave of court.

   2.   Litigation Privilege

"[T]he litigation privilege applies to 'any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.'" Thomas v. Ford Motor Co., 137 F. Supp. 2d 575, 582 (D.N.J. 2001); Hawkins v. Harris, 141 N.J. 207, 216 (1995). "For the litigation privilege to apply, the statements at issue must bear some connection or logical relation to the litigation[;] the relationship required is one of 'a general frame of reference and relationship to the subject matter of the action.'" Id. at 586. In New Jersey, the litigation privilege is broad, not only protecting attorneys from defamation claims, but also from a host of other tort-related claims. Loigman v. Twp. Comm., 185 N.J. 566, 584 (2006). However, this protection is subject to limitation. Id. (notwithstanding the broad contours of the litigation privilege, that court declined to give an attorney who willfully and maliciously commenced a frivolous and blatantly unconstitutional garnishment action the protection of the privilege) (citing U.S. General

---

[1] The present complaint reiterates and expounds upon claims previously filed and adjudicated upon the merits in the civil action before Judge Hochberg. See Enriqueta B. Agcaoili v. Richard Thayer and William R. Stanley, Civil Action No. 08-2715.

5

v. Schroeder, 400 F. Supp. 713, 717-18 (E.D. Wisc. 1975)). "Whether a defendant is entitled to the privilege in a particular case is a question of law." Peterson v. Ballard, 292 N.J. Super. 575, 588 (1996) (internal citations omitted).

Defendants assert that Plaintiff's claims all arise from a summary judgment motion filed in the underlying action previously dismissed with prejudice. The Court agrees. The alleged misconduct arising pursuant to the filing of a summary judgment motion and attendant "undisputably authentic" exhibits constitutes a communication made in the course of judicial proceedings by litigants or authorized participants to achieve the objects of litigation with a connection or logical relation to the underlying action. Therefore, on this ground, Plaintiff's motion is **dismissed with prejudice** in its entirety.[2] [3]

---

[2] Although it is not necessary to address the issue of collateral estoppel given that the present action is barred by the litigation privilege, the Court acknowledges that "[i]t is well-established that the doctrines of issue preclusion and collateral estoppel operate to preclude relitigation of an issue that has been previously decided." Risk v. Burgettstown Borough, 2010 U.S. App. LEXIS 2906, *13 (3d Cir. Feb. 12, 2010) (citing New Hampshire v. Maine, 532 U.S. 742, 748-49 (2001)). "The doctrine of collateral estoppel operates to foreclose relitigation of an issue when the party asserting the bar . . . show[s] that: (1) the issue to be precluded is identical to the issue decided in the prior proceeding, (2) the issue was actually litigated in the prior proceeding, (3) the court in the prior proceeding issued a final judgment on the merits, (4) the determination of the issue was essential to the prior judgment, and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding." Hennessey v. Winslow Twp., 183 N.J. 593, 599 (2005) (internal citations omitted). For purposes of inclusion, collateral estoppel bars all of Plaintiff's claims in the instant matter. See Enriqueta B. Agcaoili v. Richard Thayer and William R. Stanley, Civil Action No. 08-2715.

[3] Further, to the extent Plaintiff seeks to amend the complaint to assert criminal charges against Defendants, Plaintiff does not have the authority to institute such charges in a private action. "The New Jersey Constitution provides that "[n]o person shall be held to answer for a criminal offense, unless on the . . . indictment of a grand jury. . . .'" In re Grand Jury Appearance Request by Loigman, 183 N.J. 133, 138 (2005)(citing New Jersey State Constitution Art. I, 8). "In New Jersey, 'public prosecutors superseded private prosecutors long before the Revolution,' and by 1822 the name of a prosecutor was listed in every county." Id. at 139 (citing State v. Winne, 12 N.J. 152 (1953). "Our courts have not recognized private prosecutions for serious criminal charges since at least 1901." Id. (citing McBlain v. Edgar, 65 N.J.L. 634, 636 (1901)). "In the modern era, it has been the responsibility of the public prosecutor to investigate and prosecute serious crimes, and it has been the role of the victim or concerned citizen to report knowledge of criminal activities to the proper law enforcement authorities." Id. (citing Shim v. Kikkoman Int'l Corp., 509 F. Supp. 736, 739-40 (D.N.J. 1981), aff'd 673 F.2d 1304 (3d Cir. 1981)).

Lastly, to the extent Plaintiff seeks to assert claims for ethics violations pursuant to New Jersey Rules of Professional Conduct, this Court does not have jurisdiction over state law disciplinary matters. Pursuant to the New Jersey State Constitution, "[t]he Supreme Court shall have jurisdiction over the admission to the practice of law and the

**IV.     CONCLUSION**

       For the foregoing reasons, Defendants' motion to dismiss in lieu of an answer is **granted** and Plaintiff's complaint is **dismissed with prejudice**. An appropriate order accompanies this opinion.

                                                       S/ Dennis M. Cavanaugh

Dated:       February  18 , 2010                    Dennis M. Cavanaugh, U.S.D.J.
cc:          All Counsel of Record
             Hon. Mark Falk, U.S.M.J.
             File

---

discipline of persons admitted."   New Jersey State Constitution Art. VI.

7